[No. 24469. Department One. July 27, 1933.]

CHARLOTTE J. STEVENSON *et al., Respondents,* v. LINDA BURFIELD HAZZARD *et al., Appellants.*[1]

[1]Reported in 24 P. (2d) 73.

*H. D. Buchanan* (*E. B. Herald,* of counsel), for appellants.

*Bogle, Bogle & Gates* and *Edward G. Dobrin,* for respondents.

BEALS, C. J.—Plaintiffs and defendants exchanged tracts of real estate, and thereafter plaintiffs, being of the opinion that they had suffered damage because of untrue representations on the part of defendants, brought this action. From a judgment in plaintiffs' favor for the sum of one thousand dollars, entered in an action tried to the court, defendants appeal.

In the first place, appellants contend that the trial court erred in refusing to grant their motion to require respondents to elect whether they would proceed as for fraudulent representations or in trespass. Appellants interposed this motion when the case was called for trial and before the introduction of any testimony, basing the same upon the allegations of the amended complaint. After argument, the trial court stated that ruling on the motion would be reserved, and proceeded to hear the evidence. At the close of the case, the matter was adjourned for argument, and the record is silent as to subsequent proceedings, save that findings of fact and conclusions of law were later entered.

When the court stated that ruling on appellants' motion would be reserved, appellants did not request an immediate determination of the question of law thereby presented. The question should have been then decided, and appellants had a right to the court's ruling on the matter or to an exception if the court refused to act.

■ Assuming that appellants' motion was in effect overruled, we find no reversible error on that phase of the case. Appellants do not contend before this court that the amended complaint failed to state a cause of action. The cause having proceeded to trial, if it be held that respondents under the evidence were entitled to some relief, the judgment in their favor should not be reversed and a new trial ordered because of the failure of the trial court to require respondents to elect between certain of their allegations at the opening of the case, the action being tried to the court and no prejudice appearing.

■ As to appellants' second assignment of error, based upon the refusal of the trial court to dismiss the action at the close of respondents' case, it is sufficient to say that the evidence introduced by respondents *prima facie* entitled them to relief, and the court did not err in refusing to dismiss the action.

Appellants next contend that the trial court. erred in refusing to make findings in accordance with appellants' theory of the evidence and conclusions of law in their favor based thereon, in making findings in accordance with respondents' theory of the case, in concluding that respondents were entitled to judgment, and in rendering judgment in respondents' favor. Appellants also contend that the damages allowed are excessive, and that the trial court erred in denying appellants' motion for a new trial.

It appears from the evidence that appellants were the owners of a twenty-acre tract in Kitsap county, which they desired to exchange for city property. Respondents, being the owners of a house and lot in Seattle, entered into negotiations with appellants for an exchange, but, deeming appellants' twenty acres insufficient in value, refused to consummate the deal. Appellants then offered in addition an adjoining ten-

acre tract, the negotiations were resumed and the trade completed. It is over the ten-acre tract that the dispute arose. This tract was owned by one Johnson, and was rather rough land, intersected by a deep gulch wherein ran a creek, and contained some timber, including, we are satisfied from the evidence, at least a few handsome trees. Appellants undertook to procure title to these ten acres from Mr. Johnson, concerning which little difficulty was experienced, as he testified that he had decided to let the land go for taxes. He also stated that he had sold the timber to his brothers, and that the land was conveyed to appellants subject to the right to remove the timber, which he testified had then all been cut, the logs lying on the ground.

The testimony is in utter conflict, not only as to what representations were made by appellants, but as to the status of the ten-acre tract, whether the timber had already been cut or whether it was cut after respondents moved into the house located on the twenty-acre tract. In any event, it is clear that, after the terms of the deal were arranged between the parties hereto, the beauty of the ten-acre tract was ruined and its value and desirability to respondents largely destroyed by logging operations on and around the same.

The trial court heard the testimony and resolved the controversy in favor of respondents. Examination of the evidence convinces us that the same does not preponderate against the findings of the trial court.

We are, however, of the opinion that the damages allowed are excessive. The evidence clearly indicates that the timber on the ten-acre tract was not worth at the most over three hundred dollars, taking the credible testimony most favorable to respondents, and we find no basis whatever in the testimony for

holding that respondents were damaged in as great a sum as one thousand dollars, an amount in excess of the entire value of the land at any stage of the proceedings. It does appear that the ten-acre tract had some value as part of the entire property which respondents received, and that this value was largely destroyed by the logging operations. The evidence supports a judgment in respondents' favor in the sum of five hundred dollars, and the judgment appealed from will be modified by reducing the same to that amount. As so modified, the judgment will stand affirmed.

Appellants will recover their costs in this court.

MITCHELL, HOLCOMB, STEINERT, and MILLARD, JJ., concur.

